The next case on calendar for argument is Chinook Indian Nation v. Burgum Counsel for appellant, please approach and proceed. Thank you, Judge. May it please the court, James Kuhn on behalf of the Chinook Indian Nation. I'd like to reserve five minutes for rebuttal. Counsel, please be reminded that the time shown is your total time remaining. I will, thank you. The Chinook, of course, are probably the most recognized tribe in the American West that is not federally recognized. They're the tribe that sheltered the Corps of Discovery of Lewis and Clark in 1805 and 06 when that winter was so difficult for them with food and shelter at the mouth of the Columbia River. They're the ones whose language, Chinook Wawa, is still the lingua franca of Pacific Northwest native speakers. The question before the court on this appeal is whether a federal court has jurisdiction to declare them a recognized tribe. What we rely on here, as is clear from the briefing, is the third finding in the List Act of 1994, which says that Indian tribes may presently be recognized by an act of Congress, by the administrative procedures that are set forth in the Code of Federal Regulations, or by a decision of a United States court. So, Counsel, you're not arguing that the List Act provides a cause of action for courts to then decide whether or not a tribe should be recognized, correct? We are, yes. That is the basis for our argument that the court has jurisdiction. See, that's what's unclear to me. To me, you could argue that the – as I read your argument, is that the List Act says, that it's just a matter of fact that courts can recognize tribes. And that's different than saying the List Act – Congress provided in the List Act a cause of action for tribes to then seek judicial recognition of tribes. Do you see the distinction I'm drawing? And I'm trying to figure out which one you – I'm not sure I agree with it, because it's not a matter of fact. It's a matter of law. But the question is, are you saying that the List Act gives a cause of action? Yes. And so, you're saying because the List Act says – I'm sorry. Yeah, yeah. You're saying because the List Act says that courts may recognize tribes, then that gives a private right of action? That's right. That's what it says. A United States – What court – has any court interpreted that language in the way you are presenting it to us? What – there is only one court – excuse me – that has interpreted that language at all. And I will discuss that. That's the Shinnecock against Kempthorne case that the trial court relied on. I went the other way. Yeah, you got it right. And it's – it defines against us, and I think for a couple of reasons. So the answer is there is no court case that has interpreted the List Act language in the way that you're asking us to interpret it? Not that particular finding. But the next finding, finding four, which is that once recognized, a tribe's status cannot be taken away except by act of Congress. That's a finding. It was relied on by this court in 2020 in the Jamal Action Committee case. I'm sorry, before you move on to that. So I'm still trying to wrap my head around this. So you're suggesting the List Act has a cause of action, but I don't think you've pointed to any textual analysis that suggests that. The text is the finding. It's just the finding. I mean, that's an odd way to read the List Act, right? It's in the congressional findings. It's not in the operative part of the – It is true that things that appear in findings are more commonly things like, gee, it's a good idea to have parents participate in an educational program or that kind of stuff. But this is an enactment. And, in fact, this court referred to it as an enactment in the Jamal case. Okay. So I guess then to me then, if you're making a List Act argument, then we would have jurisdiction to interpret the List Act. Yes. Okay, but then – so then if we do and we just disagree with you that the List Act does not provide a cause of action, then you lose, correct? That's the issue in this case. That's correct. Okay. That's right. That's right. And I refer to the Jamal Action Committee case, which is at page 2425 of our opening brief, because it relied substantively on the fourth finding in the List Act. The issue was whether a tribe that had previously been recognized could be, in effect, demoted and made no longer – Sorry. Can I take you back to the initial – because I'm a little – I think I might have misunderstood the argument, because I thought the argument was courts inherently have this authority to recognize judicial tribes, and that the List Act, when you're pointing to the List Act, that's evidence to show that, like as a factual matter, that Congress has recognized courts' authority to have that. And so that's what I thought the district court said was non-justiciable. Right. That's correct. And, again, it's a – But that's a different argument than what you're saying here, that you're making a cause of action argument under the List Act. Because Congress – the only way the judiciary can have jurisdiction, of course, is if Congress gives it jurisdiction.  When the – when Congress says this, and this is the only thing Congress has ever said about federal jurisdiction, whether a United States court has this power, and they say it has it, it is not ambiguous. It actually – I mean, and there's nothing anywhere else that contradicts it, nothing in the List Act, nothing in any other statute. So Congress having said that, unless we're going to say that findings can never have substantive effect, which if someone had said that, and if a court had said that, I – someone would have cited it here. And what we've got is courts looking like the Penhurst case, on which the Shinnecock court relied, said, you know, when we look at the legislative history and all the other provisions of this statute, which was a statute providing funding for schools for disabled kids, we look at the whole thing. The finding that these services should be provided in the least restrictive possible circumstances, that is the famous phrase, too thin a reed on which to base federal court jurisdiction. But if the rule were that we just don't use findings substantively, the court wouldn't have gone through that. The court would have just said it's only a finding. It doesn't grant jurisdiction. But it was analyzed, taking into account everything.  I don't think we need to go that far than saying findings are precluded from substantive authority. I think we just have to just read what it says. Right. And it doesn't say, you know, Congress hereby confers to federal courts, you know, jurisdiction to determine, you know, whether or not a tribe is entitled to recognition. Right. It doesn't say that. It says Indian tribes may presently be recognized by, and then it says three things, Congress, administrative agency, or by a decision of the United States court. Right. I'm not clear how that is different than saying – I mean, how can a United States court recognize a tribe other than by – if there's a cause of action for that? That's what it means. Well, traditionally the way it works is wouldn't you challenge under the APA, like, that the Bureau's – I forget the name of the section, 8 or whatever – that the Bureau's adjudication of the tribal recognition was wrong, and so the court can say, you know, under the procedures provided by the Bureau, we agree, and it was arbitrary and capricious, and we, you know, we order the federal government to – Right. But that's not what you're doing here. That's – we are doing that, but that's not the same thing that this says. It's true. Right. This is a different way of saying it. It is not the common way of saying it, I'll say that. Right. But it's impossible, I believe, to read Finding Three and not conclude that a U.S. court has the power to declare a tribe recognized. So what do you actually want us to do? You want us to look at the historical evidence of this tribe over the better part of two centuries and to conclude from that that it's a separate sovereign nation? Well, we're not asking you, of course. We would be asking the trial court on remand to do that, and that is not something that never happens. I mean, it's not – obviously, the court might look at this and say, well, geez, how are we going to do this? But the fact is it was done for years before mostly the administrative agency got involved in 1978. So courts were doing it, and courts do it now. There are other times when the question, is this a tribe, comes up. The Non-Intercourse Act, where certain tribal lands may not be sold because they are tribal lands. The question is, are these tribal lands? Well, is this an Indian tribe that owns these lands? And the courts go into those kinds of analysis. But usually we look at whether or not they're on the list of federally recognized tribes to make that determination. We don't make that determination in the first instance. That's right. Usually, because as we've conceded, no court has yet done this. That's correct. Only one court has even considered it, and that court has decided wrongly, by analyzing the language that says the tribe may presently be recognized, to mean, well, that was in the past. But what about all of the cases that say this is a political question? None of those cases, none of those courts was presented with the argument that the List Act says this and does this. It just, it wasn't. The Shinnecock case is the only one in which this argument was considered, and the court flatly misconstrued the language by saying that presently, really, as counsel, my friend on the other side would say, is best read to mean in the past. Well, there is no dictionary that defines present as past. And if that were true as well, if presently meant only in the past, it would apply to the other agencies listed here, Congress and the agency itself. Do you think the district court understood your argument to be making this statutory argument? Because I'm just curious why the district court ruled it non-justiciable when it seems like all you're making is like a statutory argument. The court did. The court relied heavily on the Shinnecock case, and we argued about the Shinnecock case below, and it was just about finding three. I think you wanted to reserve some time. I will reserve the balance. All right. Thank you, counsel. Good morning, Your Honor. This may please the court. My name is Ezekiel Peterson here on behalf of the U.S. Department of the Interior. Issues of federal tribal recognition are quintessential political questions that are committed to the executive and the legislative branches. So the district court correctly dismissed this for lack of subject matter jurisdiction because Shinnecock seeks a judicial decree that it is a federally recognized tribe. Okay. That's how I might have thought of it, but it seems like today they're arguing that they're just making a statutory argument that under the List Act it provides a cause of action for federal courts to then recognize tribes. Yes, Your Honor. So our argument is that the List Act, as an interpretive matter, the factual findings in the List Act don't provide a cause of action and don't change any of the settled lay of the land. This is a quintessential political question. Right, but he's making a very narrow claim that the List Act provides a cause of action. We may agree or disagree, but that's not something to political question doctrine, right? That's something that federal courts do all the time, interpret a federal statute. Certainly, and I think this court would have jurisdiction to decide the interpretive question about whether or not the List Act confers a separate cause of action. I had not understood that to be the argument. I understood the complaint to just say we are seeking a declaratory judgment under federal law, which does at a broad level recognize tribes. We are such a tribe, and I thought the import of the List Act was to say don't worry about the political question doctrine because Congress has said that you as a court can go ahead and do this. Yes, Your Honor. That's how I understood the relevance of the List Act's theory is to say that solves the political question problem. Yes, I think that's right, and I want to touch on why that's wrong as an interpretive matter. So the List Act's factual findings, they certainly reference tribal recognition, quote, by a decision of a United States court, but that language shouldn't be read as a newfound grant of jurisdiction to federal courts or a newfound cause of action that overrides this 100 plus years of precedent and gives federal courts jurisdiction to make these political determinations about which tribes are or are not entitled to federal recognition outside of the political process. Yes, so conceptually I'm trying to figure out how. So the government's argument is as a general matter, the question of recognition of tribes is a political question, you know, left to the political branches, left to the political branches, but you agree that if they're making a specific claim under the List Act, we do have jurisdiction to interpret that and decide that claim. I think that's right. The court has jurisdiction to reach the statutory interpretation question about whether or not there is a cause of action. Right, and if we determine that there is no cause of action, then anything more is political question. I think that's right, yes. But then if we do determine there is a cause of action, then we do have jurisdiction to decide that. To decide. Whether or not. Yes, I think that's right. If you determine there is a cause of action. But again, we would push back really strongly on the fact. Fair, fair, fair. I'm just trying to figure out the jurisdictional question because I was slightly confused. No, I think that's right. I'm going to just briefly touch on the interpretive question here. Congressional findings almost never create a substantive right or a cause of action. I think the Pennhurst case is really good support for that. This Supreme Court looked at the congressional findings in an act that said patients have a right to a certain kind of care and said, well, there's no connection between that finding and the actual substantive provisions of the statute. So it's too thin a reed to create any sort of substantive right or cause of action. There has to, at the very minimum, be some sort of connection to the substantive provisions of the statute. But Chinook doesn't point to any here. They read the finding in isolation, divorced from the substantive provision of the List Act. In the List Act, the actual substantive provision at 25 U.S.C., Section 5131A, is really quite modest. It just instructs the Secretary of the Interior to annually publish a list of all the federally recognized tribes. There's nothing in that substantive portion of the act that suggests that it was meant to sweep away this 100-plus years precedent about tribal recognition being a political question committed to the political branch. But so what does it mean when it says tribes presently may be recognized by decision of a United States court? What does that mean? I think there are two possible answers to that. The first is it's a description of historical practice. So it's tribes presently in existence may have been in some cases prior to the promulgation of the Part 83 regulations recognized in limited circumstances by courts. The example we point to in the brief is the First Circuit 1975 Passamaquoddy case, where the First Circuit looked at a non-federally recognized tribe and nonetheless determined that it was entitled to or it fell under the Indian Non-Intercourse Act. So that's like an ad hoc judicial determination. But that sounds like it was under a federal statute, you're saying. Yes. So, yeah, it was a limited determination for the purposes of a specific federal statute as to whether the non-federally recognized tribe. So that's like a similar situation here then. They interpreted the statute, right, that whether or not the tribe fell within that or not. Yes. I think that's right. But the difference is that here, of course, Chinook is seeking a declaration from the court that they are a federally recognized tribe entitled to all the benefits of that nation to nation. Okay, just to make sure I understand what you're saying on this. So you're saying basically, look, a federal court can never just declare this Chinook tribe is in fact a sovereign nation and the United States needs to treat it as such, but there may be statutory schemes where you kind of need to decide is something a tribe, and in that limited case you could maybe do that, and that's what Finding Three is referencing? Yes. That would be, I think, our first argument as to what Finding Three is referencing. Okay. I mean, I guess the question one would have is is that really a fair reading of that finding? Because it says tribes may be recognized. I mean, it doesn't say for what purpose, but usually we think of recognition as kind of like recognition as a tribe in the way that the plaintiff is asking about. I think that's fair, Your Honor. There's just nothing else in the statute that suggests it's meant to sweep away the history there. And then the second thing that it could be referencing, and Judge Bumate brought this up, is the availability of judicial review. We don't dispute that putative tribes can seek APA review of final agency actions to denying their petitions for federal review. Is that how you would – is that what you would – agua caliente is about that? Yes. Okay, because it suggests that there is not a political question when there's an APA. Yes, and, yeah, we fully agree that courts have jurisdiction. Even the APA claim doesn't exactly recognize a tribe. It more says the agency acted arbitrarily in denying recognition on some basis. Right. So we wouldn't do the APA review and at the end of that say congratulations, you're a tribe. We would say go take another look at this. Certainly the government wouldn't argue that that's a possible remedy the court could impose. And, yes, I agree that it's a little bit roundabout, that reading of it. I recognize that. So, yes, we don't have a perfect interpretation of what this finding is meant to say, but those are our two best arguments. Either it's about previous historical practice, courts recognizing for certain limited purposes, or it's about the APA – availability of APA review. Unless this court has questions. Could it mean that a court could recognize that the executive branch has already recognized? In other words, we could determine that, in fact, the United States has recognized somebody. I mean, that's not the case here because the United States opposes that. But if that were the case, is that a plausible reading of this? I think that's right. I think maybe if there was a situation where a tribe had been recognized and then somehow there was some sort of termination of that recognition and then judicial review. I mean, even that, I think, would still encounter problems from a political question standpoint if the government's changed its mind. Right, right. Unless the court has questions about the statute of limitations or anything else about the List Act, we'll stand on the briefs. Thank you, Your Honors. Thank you, counsel. Rebuttal? Can I ask you just before you sit down? I almost made it. You almost made it, yeah. Six and a half minutes left. We might as well use it. What was the tribe supposed to do here? Because they've come here on this theory saying, well, we want you to do this and recognize this. So what should they have done to try to make progress on this? Two answers to that. I think the first would have been to seek APA review of Interior's final agency action back in 2002. The other thing is that just in January, on January 15th, Interior published a new final rule that allows for re-petitioning for federal recognition in certain limited circumstances. That site is 90 Federal Register 3627. So that's the other avenue forward for the Chinook.  Thank you, Judge Valenzuela. Thank you, Your Honors. Thank you. Thank you, counsel. Rebuttal? Thank you, Your Honor. I think the interpretations offered by the government do run into problems with the literal language of finding three in ways that I believe we've already covered. Unless the court has something else about- What's your response to opposing counsel's listing of the alternative avenues you have to seek recognition? We talked about the APA, but what about the new regulation that he referenced? Do you agree that that exists? It does, yes. There's a new regulation out there. It's uncertain, of course, how that's going to work, who's going to be able to do it and when. There are some provisions about that, but yeah, that's a brand new thing that came out of occasion. But would you agree that that's an alternative avenue for your client to seek recognition? It is an avenue that we might qualify for, and we're going to have to see if that's something that becomes necessary. But it is offered for that purpose. That was, in fact, that was our second claim in this case, that that was an arbitrary statute. It got sent, regulation, it got sent back, and the agency took its time but finally did change the rule so that it now allows for some limited repetitioning, which is their phrase, their way of putting it. Is there legal history showing that prior to 1978, federal courts did what you want done here? Absolutely. Okay, so what cases are you pointing to? Because there's also cases that talk about this as a non-justiciable matter even earlier than 1978. Right, Montoya in 1901, the Candelaria case, it's in the 20s someplace. Those are cases where courts just made decisions. There were also ad hoc decisions. Just the agency, somebody wrote on a scrap of paper, this is a recognized tribe. I mean, there were all kinds of ways. We referred to a law review article in our opening brief that talks about that whole process. But so what Congress did was say, okay, this is a mess. We're going to send it back. In 1975, they sent it back and said, look, agency, come up with a, do something here, study the problem. And so they did a study. And the study went for several years, and then it went up on the shelf, and nothing happened. And Congress never said anything about how recognition should work or anything like that. So the agency just came up with this on its own. And that's why, that's the process that now exists. Can I also confirm that you are disclaiming any APA challenge in this case?  Because I think this is all about the list act. Not an APA challenge, and we certainly agree that an APA challenge, the appellate court does not recognize the tribe. It sends it back for further process. You know, the government says this is an important issue, and the tribe certainly agrees. Because this is a matter of tribal survival. We are surrounded by tribes that are in much better shape than we are. Everything from unemployment to discrimination to drug dealing, to all the things that make it difficult for people to live in a land that used to be theirs. And that, with small compensation, no longer is. Thanks very much. Thank you, counsel. Thank you to both counsel for your helpful arguments. The case just argued is submitted for decision by the court.
judges: RAWLINSON, BRESS, BUMATAY